**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein, Esquire
PA Id. No. 204557
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PAYNE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | DOCKET NO: 2:20-cv-04651-MMB |
| | : | |
| WOODS SERVICES, INC., WOODS | : | |
| SERVICES MEDICAL PRACTICE | : | |
| GROUP, LLC, ABRAHAM KAMARA, | : | |
| JOHN DOES 1-5 and 6-10, | : | **SECOND AMENDED COMPLAINT** |
| | : | **AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff, Anthony Payne ("Plaintiff"), residing in the State of Pennsylvania, by way of this Second Amended Complaint against the defendants, says:

### Preliminary Statement

1.     This action is brought by Plaintiff to remedy violations of the Family Medical Leave Act ("FMLA"), the Families First Coronavirus Response Act ("FFCRA") and the Pennsylvania Whistleblower Law ("PWL").

### Jurisdiction and Venue

2.     Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1332 and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. Sec. 1367.

3.      Venue is proper within this district pursuant to 28 U.S.C. Sec. 1391 because all parties reside within the district.

**<u>Identification of Parties</u>**

4.      Plaintiff Anthony Payne resides in Morrisville, Pennsylvania, and, at all relevant times herein, was an employee of the defendants.

5.      Defendant Woods Services, Inc. ("WSI") is a corporation providing integrated health care services and advocacy for children and adults with disabilities and is the former employer of Plaintiff, singly or as part of a joint enterprise, within the meaning of the FMLA, FFCRA and PWL.

6.      Defendant Woods Services Medical Practice Group, LLC ("WSMP") is a corporation providing integrated health care services and advocacy for children and adults with disabilities and is the former employer of Plaintiff, singly or as part of a joint enterprise, within the meaning of the FMLA, FFCRA and PWL.

7.      Defendants WSI and WSMP (collectively, the "Woods Defendants") are entities funded by the Commonwealth of Pennsylvania and/or its subdivisions based on, *inter alia*, the following sources of funding:

a.      As stated on their website, their funding comes from a "variety of sources including . . . home school district, county based funding, child welfare agencies . . .." (https://www.woods.org/admissions/faq/#:~:text=Woods%20is%20a%20private%20not,agencies%20and%20private%20pay%20agreements.)

b.      They have received at least $477,240 in funding from the Pennsylvania Department of Transportation since 2007 to assist with transportation of

disabled and elderly residents, which the Woods Defendants describe as "an essential aspect of daily life at Woods."

(https://www.woods.org/http:/server4.kproxy.com/servlet/redirect.srv/slxv/sbnzaj/slmn/p1/category/grants/)

c.   They receive funding from the Pennsylvania Department of Education, including to support opening and maintaining education facilities and as an approved program supporting deaf and blind students.

(https://www.woods.org/wp-content/uploads/2015/11/Woods-World-Spring-2017.pdf); (https://www.education.pa.gov/Documents/K-12/Special%20Education/APS%20Directory.pdf)

d.   They received nearly $1,000,000 in funding from the Pennsylvania Department of Human Services in 2020 allocating funds received through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

(https://www.dhs.pa.gov/providers/Documents/Long_Term_Care_Providers/Res-Hab%20Payment.pdf)

e.   They receive funding through Medicaid and Medicare payments for services provided to residents.

8.   As entities funded by the Commonwealth of Pennsylvania and/or its subdivisions, the Woods Defendants are "public bodies" such that their employees are protected by the PWL. *See Riggio v. Burns*, 711 A.2d 497, 500 (Pa. Super. 1998) (en banc) (receipt of government funds made hospital a "public body" under the PA Whistleblower Law).

9.   Defendant Abraham Kamara was, at all times relevant herein, a Director of the Woods Defendants and an individual who interfered with Plaintiff's rights and retaliated against

3

Plaintiff under the FMLA, FFCRA and PWL, and is the former employer of Plaintiff, singly or as part of a joint enterprise, within the meaning of the FMLA, FFCRA and PWL.

10.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

### General Allegations

11.     Plaintiff was employed as a Residential Counselor by defendants at their facility located at 40 Martin Gross Drive, Langhorne, Pennsylvania, 19047, from in or around June 2009 until on or about April 14, 2020.

12.     Throughout the course of his employment, Plaintiff performed up to and/or in excess of the reasonable expectations of his employers.

13.     On or about March 31, 2020, Defendants' manager Abdullah Kanneh held a meeting which included Plaintiff in which Mr. Kanneh notified those present that six (6) patients during the previous shift had high temperatures and had been moved to a hallway during the night.

14.     On or about April 1, 2020, each of the six (6) patients with previously noted high temperatures tested positive for COVID-19.

15.     Plaintiff had worked directly with each of these six (6) patients during his previous shift, and had therefore been exposed to COVID-19.

16.     On or about April 2, 2020, Plaintiff spoke with his doctor to discuss his exposure and risk, and Plaintiff's doctor advised Plaintiff that he should get tested, stay out of work and quarantine for fourteen (14) days.

17.     Plaintiff called the Woods Defendants to relay his doctor's advice, and was told that he could take a test they would administer at work.

18.     On or about April 6, 2020, Plaintiff was tested at work.

19.     On or about April 7, 2020, Plaintiff was notified by a Nurse Practitioner that his test result was positive for COVID-19, that Plaintiff must self-quarantine for the next fourteen (14) days and that the Nurse Practitioner would call him in two weeks' time.

20.     During his COVID-19 illness, Plaintiff suffered from profound loss of taste, smell, aches and pains, cough and overwhelming exhaustion significantly impairing his ability to move.

21.     Despite the medical directive provided by Defendants' own Nurse Practitioner, only six (6) days later, on or about April 13, 2020, Residential Director Abraham Kamara called Plaintiff and stated that Plaintiff had been cleared and need to report to work.

22.     Plaintiff responded that he could not return to work yet as he had not yet completed the quarantine required following his positive test result on April 7, 2020.

23.     Director Kamara responded to Plaintiff that if Plaintiff did not return to work the following day that Plaintiff's absence would be considered a call-out.

24.     Plaintiff objected to Director Kamara's demand that Plaintiff return to work in contradiction of the directives from his health care providers and the U.S. Centers for Disease Control ("CDC") authority that persons testing positive for COVID-19 quarantine from the workplace for at least fourteen (14) days.

25.     In accordance with that authority, and consistent with the guidance from his health care providers and guidance from the Governor and Secretary of the Department of Health

of Pennsylvania for workers testing positive for COVID-19, Plaintiff continued to quarantine and did not report to work on April 14, 2020.

26.     On that same day, April 14, 2020, Director Kamara called Plaintiff and stated that Plaintiff was terminated for refusing to come to work.

27.     Plaintiff's COVID-19 illness constituted a serious health condition within the meaning of the FMLA.

28.     Plaintiff's COVID-19 illness constituted a qualifying reason for job-protected leave under the FFCRA.

29.     Plaintiff had worked for Defendants for at least twelve (12) months and had worked at least 1,250 hours in the twelve (12) months preceding his medical absence, and, accordingly, was an eligible employee under the FMLA and FFCRA.

30.     Defendants employed at least fifty (50) employees within seventy-five (75) miles of Plaintiff's work location for at least twenty (20) workweeks in the year and/or preceding year in which Plaintiff began his medical absence, and, accordingly, Defendants were covered employers under the FMLA and FFCRA.

31.     Despite having notice of Plaintiff's need for leave under the FMLA and FFCRA, Defendants failed to provide Plaintiff with a notice of his rights regarding same.

32.     Defendants further failed to provide a determination of Plaintiff's eligibility for leave under the FMLA and FFCRA and/or to request any information they required, if any, to make such a determination.

33.     Defendants thereby interfered with Plaintiff's rights under the FMLA and FFCRA.

34.    A determinative and/or motivating factor in Plaintiff's termination was Plaintiff's exercise and/or attempted exercise of his rights under the FMLA.

35.     An additional and/or alternative determinative and/or motivating factor in Plaintiff's termination was Plaintiff's exercise and/or attempted exercise of his rights under the FFCRA.

36.    An additional and/or alternative determinative and/or motivating factor in Plaintiff's termination was Plaintiff's protected activity under the PWL in complaining to Director Kamara that Defendants' demand for Plaintiff to return to work less than one (1) week following his positive COVID-19 test result violated federal law.

37.    To the extent there is any "mixed motive," Plaintiff need only show that a determinative or motivating factor in his termination was one or more of the reasons set forth above.

38.    As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### FMLA Violations – Interference and Retaliation

39.    Plaintiff hereby repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40.    For the reasons set forth above, the defendants have interfered with Plaintiff's rights under the FMLA such that they are liable.

41.    For the reasons set forth above, the defendants are liable to plaintiff for terminating his employment in retaliation for exercising and/or attempting to exercise his rights under the FMLA.

## COUNT II

### FFCRA Violations – Interference and Retaliation

42.     Plaintiff hereby repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43.     For the reasons set forth above, the defendants have interfered with Plaintiff's rights under the FFCRA such that they are liable.

44.     For the reasons set forth above, the defendants are liable to Plaintiff for terminating his employment in retaliation for exercising and/or attempting to exercise his rights under the FFCRA.

## COUNT III

### PWL – Retaliation

45.     Plaintiff hereby repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46.     For the reasons set forth above, the defendants are liable to Plaintiff for terminating his employment in retaliation for engaging in protected activity under the PWL.

### Prayer for Relief

47.     Plaintiff hereby repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48.     For the reasons set forth above and based on the liability of the defendants for the claims set forth above, Plaintiff demands judgment against the defendants jointly, severally and in the alternative, together.

WHEREFORE, Plaintiff prays for the following relief:

      a.     economic compensatory damages;

b.      non-economic compensatory damages, including for statutory emotional

distress and personal hardship;

c.      liquidated damages;

d.      pre- and post-judgment interest;

e.      cost of suit;

f.      attorneys' fees, with enhancement of same;

g.      equitable back pay, to include all lost wages, benefits, fringe benefits and

other remuneration to make Plaintiff whole;

h.      equitable front pay, or alternatively equitable reinstatement, to include all

lost wages, benefits, fringe benefits and other remuneration to equitably

restore Plaintiff;

i.      declaration that the practices contested herein violate federal and/or

Pennsylvania law as set forth above;

j.      injunctive relief ordering Defendants to cease and desist all conduct

inconsistent with the claims made herein going forward, both as to the

specific plaintiff and as to all other individuals similarly situated and to

alter their files so as to expunge any reference to which the Court finds

violates the statutes implicated herein; and

k.      any other relief the Court deems equitable and just.


Respectfully submitted,

**COSTELLO & MAINS, LLC**


By: ___/s/ *Miriam S. Edelstein*_____
Miriam S. Edelstein, PA Id. No. 204557
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
medelstein@costellomains.com
Attorneys for Plaintiff

Dated: March 1, 2021

## **DEMAND FOR A TRIAL BY JURY**

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule

38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned

action.

**COSTELLO & MAINS, LLC**


By: ___/s/ *Miriam S. Edelstein*_____
   Miriam S. Edelstein, PA Id. No. 204557

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Second Amended

Complaint and Jury Demand was served upon the following all counsel of record by and through

the Court's ECF system, by which counsel can view and access the foregoing filing:

> Ronda K. O'Donnell, Esquire
> John L. Lamb, Esquire
> Marshall Dennehey
> 2000 Market Street, Suite 2300
> Philadelphia, PA 19103
> RKODonnell@MDWCG.com
> JLLamb@MDWCG.com

**COSTELLO & MAINS, LLC**


By:   /s/ *Miriam S. Edelstein*
         Miriam S. Edelstein

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| ANTHONY PAYNE | WOODS SERVICES, INC.; WOODS SERVICES MEDICAL PRACTICE GROUP, LLC; ABRAHAM KAMARA; JOHN DOES 1-5 and |
| **(b)**  County of Residence of First Listed Plaintiff   BUCKS<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   BUCKS<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br>MIRIAM S. EDELSTEIN, ESQ., COSTELLO & MAINS, LLC, 18000 HORIZON WAY, SUITE 800, MT. LAUREL, NJ 08054, 856-727-9700 | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☒ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                         *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br> New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br> 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br> Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☐ 950 Constitutionality of<br> State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | ☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☒ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation -
     Transfer

☐ 8  Multidistrict
     Litigation -
     Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, 29 U.S.C. § 2601 et seq.; FFCRA, 29 U.S.C. § 2601 et seq.; PWL, 43 P.S. §§ 1421-1428

Brief description of cause:
Interference with rights and retaliatory discharge from employment

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                               DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/01/2021 | s/ Miriam S. Edelstein, PA Id. No. 204557 |

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                        APPLYING IFP                        JUDGE                        MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____937 West Trenton Ave., Apt. A18, Morrisville, PA 19067_____

Address of Defendant: _____40 Martin Gross Drive, Langhorne, PA 19047_____

Place of Accident, Incident or Transaction: _____40 Martin Gross Drive, Langhorne, PA 19047_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/01/2021 _____ _____ 204557

*Must sign here*

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
   *(Please specify):* _____Family Medical Leave Act_____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Miriam S. Edelstein, Esq. , counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 03/01/2021 _____ _____ 204557

*Sign here if applicable*

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ANTHONY PAYNE, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| vs. | : | |
| | : | |
| WOODS SERVICES, INC., et al. | : | NO: 2:20-cv-04651 |
|     Defendants. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly
  referred to as complex and that need special or intense management by the court. (See
  reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   **(X)**

| | | |
|---|---|---|
| 3/1/2021 | *s/ Miriam S. Edelstein* | Plaintiff, Anthony Payne |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| 856-727-9700 | 856-727-9797 | medelstein@costellomains.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02